20024

CONCORD GENERAL MUTUAL INSURANCE COMPANY, Respondent, v. SOUTHERN HOME INSURANCE COMPANY et al., Appellants.

(215 S. E. (2d) 633)

*Messrs. George F. Abernathy* of *Odom, Nolen, Terry & Abernathy,* Spartanburg, *for Appellants, Southern Home Ins. Co. et al.,* and *Patrick E. Knie* of *Moore, Stoddard & Sanders,* Spartanburg, *for Appellant, Gladys G. Morrow,*

*James H. Watson, Esq.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Respondent,*

June 2, 1975.

*Per Curiam:*

This is a declaratory judgment action in which, after discovery and the taking of depositions, the lower court granted summary judgment in favor of the respondent, Concord. Judgment was to the effect that Concord afforded no coverage to Gladys G. Morrow with respect to an accident in which she was involved on July 14, 1973, while driving a certain 1964 Dodge automobile.

Apparently Morrow was at fault in the accident in which the appellants Johnson, were injured. Appellant, Southern Home, afforded coverage to Inman Nursing Facilities, owner of the vehicle in which the Johnsons were riding and settled its uninsured motorist exposure with the Johnsons and its collision exposure with Inman, a tort action against Morrow being thereafter commenced.

The 1964 Dodge driven by Morrow had been, and as contended by appellants was still, owned by one Reverend Joseph C. Prince, who had insured the same with Concord, but coverage on said Dodge was cancelled by Prince on April 2, 1973. On April 20, 1973, Concord issued another policy covering the same Dodge automobile showing the insured to be the same Reverend Prince, and said policy, if valid, was still in force and effect until sometime after the accident of July 14 in which Morrow was involved while driving the said automobile. Since the judgment below was, in our view, erroneous and must be reversed and the cause remanded for trial we refrain from any detailed discussion of the facts disclosed by the evidence.

The lower court held, in granting summary judgment, that there was no valid contract of insurance between Concord and the Reverend Prince affording coverage with respect to the particular Dodge automobile and that there was no genuine issue of material fact thereabout. Suffice it to say, that, contrary to the holding of the lower court, we have reviewed the rather voluminous record and find that there are genuine issues of material fact as to whether or not a valid contract existed and the court was clearly in error in granting summary judgment in favor of Concord.

Concord urges as an additional sustaining ground that there was no genuine issue of material fact as to the capacity in which Morrow was operating the said Dodge automobile; that she was not a permissive user so as to be afforded coverage under the omnibus clause of the policy and therefore Concord furnished no coverage even if the contract was valid. The additional sustaining ground is without merit because the evidence is clearly susceptible of more than one reasonable inference as to the capacity in which Morrow was operating the vehicle.

The judgment below is accordingly reversed and the cause remanded for a trial.